UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ALAN WOODRING,

       Petitioner,

                            CASE NO. 1:09-CV-1106

v.

                            HON. ROBERT J. JONKER

KENNETH T. MCKEE,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 18) and Petitioner Woodring's Objections to Report and Recommendation (docket # 19). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  After its review, the Court finds that Magistrate Judge correctly concluded that Mr. Woodring is not entitled to habeas corpus relief.

In petitioning for habeas corpus relief, Mr. Woodring raises four claims.  He challenges the constitutionality of the statute under which he was convicted; asserts that his guilty plea was constitutionally defective; and contends that the trial court erred in denying his motion to withdraw his guilty plea and in considering the death of Stephen Carlson in determining his sentence.  After a careful and thorough examination of the record, the Magistrate Judge rejected all four claims. Petitioner's objections fail to deal in a persuasive way with the Magistrate Judge's analysis.  The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.  The Magistrate Judge properly analyzed all claims.  Nothing in Petitioner's Objections changes the fundamental analysis the Magistrate Judge delineates.

The Court concludes that the Magistrate Judge properly determined that Petitioner is not entitled to federal habeas relief.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.  FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Woodring is not entitled to the habeas corpus relief he seeks.  Mr. Woodring is not entitled to a certificate of appealability.  Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 18) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.

                 /s/Robert J. Jonker
                 ROBERT J. JONKER
              UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2013